# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| DARRELL C. BILLINGSLEY, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:10-CV-500-PRC |
| | ) |
| CITY OF HAMMOND, INDIANA, and | ) |
| WARREN FRYER, individually and in his official | ) |
| capacity as a sworn police officer of the Hammond | ) |
| Police Department, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Hammond Defendants' Motion for Summary Judgment [DE 12], filed by Defendants City of Hammond and Warren Fryer. Defendants seek summary judgment in their favor on all claims in Plaintiff's Complaint. For the reasons set forth below, the Court grants Defendants' Motion.

## PROCEDURAL BACKGROUND

Plaintiff Darrell Billingsley filed his one-count Complaint in this Court on December 22, 2010, alleging that Defendants City of Hammond and Detective Warren Fryer violated his Fourth Amendment rights under 42 U.S.C. § 1983. It includes allegations that Defendant Fryer and the Hammond Police Department acted recklessly in their investigation of Billingsley in connection with a robbery, and that Defendant City of Hammond failed to properly train its police officers in their arrest and detention responsibilities. On January 26, 2011, Defendants filed their Answer.

On June 25, 2012, Defendants filed a Motion for Summary Judgment. On October 11, 2012, Billingsley filed his response, and on October 24, 2012, Defendants filed their reply.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.

Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Green v. Whiteco Indus.,*

*Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254,

1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary

judgment with affidavits or other materials, and, if the moving party has "produced sufficient

evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts

to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill*

*Assoc.*, 914 F.2d 107, 110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's*

*Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party

cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See*

Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e)

provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address

another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact

undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting

materials – including the facts considered undisputed – show that the movant is entitled to it . . . ."

Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986).

Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show

that there is some metaphysical doubt as to the material facts," but must "come forward with

'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

In viewing the facts presented on a motion for summary judgment, a court must construe all

facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor

of that party. *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir.

2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not

to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth

of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*,

477 U.S. at 249-50.

## FACTUAL BACKGROUND

On August 9, 2008, the Family Dollar Store on 165th Street in Hammond, Indiana was

robbed. The perpetrators referred to each other as Number One, Number Two, and Number Three.

Two employees were working at the time of the robbery: Christopher Torres and Nicole Rzonca,

a store manager. The employees reported that perpetrator Number One, who had a shirt wrapped

around his face, commented several times during the robbery, "They are not going to [*expletive*] fire

me and get away with it."

Defendant Detective Fryer of the Hammond Police Department investigated the robbery and

interviewed the two employees. Rzonca reported that she recognized the voice of Number One as

that of Plaintiff Billingsley, a former employee of the Family Dollar Store who had been terminated

shortly before the robbery. In her statement, Rzonca reported that she was familiar with his voice

because she had worked with him in the past and had cashed his check on August 8, 2008, the day

before the robbery, when Billingsley came into the store complaining about being fired. Rzonca also

stated that she was unable to locate Billingsley's personnel file when she looked for it in the office

after the robbery and that she believed Billingsley may have removed it along with the surveillance

tape from the store. In his statement to Fryer, Torres described Number One as having a tattoo of

a name on the right side of his neck and a cut on his arm.

Billingsley also made a statement to Fryer in which he disavowed any responsibility for the

4

robbery and provided a detailed account of his whereabouts on the day of and the day before the robbery. He acknowledged that on August 8, 2008, the day before the robbery, he had gone to the Family Dollar Store to cash his paycheck. Billingsley claimed that at the time of the robbery he was driving with his brother to pick up a friend at a barber shop.

In his deposition, Fryer testified that he went to several of the places identified by Billingsley in his statement, but that none of them, including the barber shop where Billingsley claimed to be during the time of the robbery, were where Billingsley said they were located. Fryer did not interview all of Billingsley's purported alibi witnesses.

On August 22, 2008, a second Hammond Family Dollar Store was robbed by two male perpetrators. This robbery was investigated by Detective Eric Dimos of the Hammond Police Department. Two men confessed to this robbery. Fryer spoke to Dimos about similarities between the two robberies, but no one interviewed the two men who confessed to the August 22 robbery about the August 9 robbery or about any relationship between the men and Billingsley.

Fryer turned the results of his investigation over to Lake County Deputy Prosecuting Attorney David Moore. The materials included the statements of prospective witnesses and possible suspects, including Torres's description of Number One's tattoo and cut arm as well as Billingsley's criminal history report with a description indicating that Billingsley had no scars, marks, or tattoos. Moore filed an information and a probable cause affidavit, sworn to and signed by Fryer, charging Billingsley with the August 9 robbery. Magistrate Judge Natalie Bokota entered an order finding probable cause to charge Billingsley with two counts of robbery and two counts of confinement and issued a warrant for his arrest. Billingsley was detained for more than ninety days before he posted bond and was released on December 24, 2008. On June 12, 2009, the criminal charges against

5

Billingsley were dismissed.

## ANALYSIS

In his Complaint, Plaintiff Billingsley alleges violation of his civil rights and seeks redress under 42 U.S.C. § 1983. His one-count complaint refers to a number of alleged violations stemming out of Defendant Fryer's investigation of the August 9, 2008, robbery of the Family Dollar Store. Defendants City of Hammond and Warren Fryer argue that Billingsley did not suffer any constitutional violations and that they are entitled to summary judgment.

Section 1983 provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterey v. Del. Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 749 n. 9 (1999) (quotation omitted). A cause of action may be brought under § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must show (1) that he was deprived of a right secured by the Constitution or federal law, (2) by a person acting under color of law. *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). Furthermore, "[p]robable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (citing *Potts v. City of Lafayette*, 121 F.3d 1106, 1113 (7th Cir. 1997)).

Billingsley was arrested pursuant to a warrant, and Defendants argue that because there was probable cause to arrest him, his claims of false imprisonment, false incarceration, and malicious

6

or incompetent investigation are barred. "An arrest or search pursuant to a valid warrant is presumptively constitutional unless the officer seeking the warrant intentionally or recklessly misstated or omitted material facts to obtain the warrant, and there would not have been probable cause had the testimony been accurate." *Gatzimos v. Garrett*, 431 Fed. Appx. 497, 500-501 (7th Cir. 2011) (citing *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978); *United States v. Hoffman*, 519 F.3d 672, 675 (7th Cir. 2008); *Mannoia v. Farrow*, 476 F.3d 453, 458 (7th Cir. 2007); *Beauchamp v. City of Noblesville*, 320 F.3d 733, 742 (7th Cir. 2003)); *see also Whitlock v. Brown*, 596 F.3d 406, 410 (7th Cir. 2010). The plaintiff bears the burden of showing that in his warrant request the "officer knowingly or recklessly made false statements and 'no accurate information sufficient to constitute probable cause attended the false statements.'" *Betker v. Gomez,* 692 F.3d 854, 860 (7th Cir. 2012) (quoting *Lawson v. Veruchi*, 637 F.3d 699, 705 (7th Cir. 2010)) (other citation omitted).

Billingsley argues that Fryer "failed to disclose" to the prosecuting attorney the fact that, although witnesses described the perpetrator as having both a tattoo and a scar, Billingsley had neither. He appears to be implying that Billingsley's lack of tattoo was a material fact, and its inclusion in the warrant application would have defeated probable cause. However, the witness descriptions of Number One's tattoo and cut or scar were provided to the prosecuting attorney, as was the background information on Billingsley, including a description of him indicating that he had no tattoos or scars. Furthermore, even had Fryer omitted that information, Billingsley cannot show that without it there was insufficient information to constitute probable cause.

The relevant inquiry is whether, at the time when Fryer sought the warrant for Billingsley's arrest, "the facts and circumstances within [Fryer's] knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent person in believing" that Mr.

Billingsley had committed the October 9, 2008, robbery. *Beauchamp*, 320 F.3d at 743 (citing *Hunter v. Bryant*, 502 U.S. 224, 228 (1991); *Neiman v. Keane*, 232 F.3d 577, 580 (7th Cir. 2000)); *see also Mucha v. Vill. of Oak Brook*, 650 F.3d 1053, 1056-57 (7th Cir. 2011). The bar for establishing probable cause is not high: "[p]robable cause is only a probability or substantial chance of criminal activity, not a certainty that a crime was committed," *Beauchamp*, 320 F.3d at 743 (citing *Illinois v. Gates*, 462 U.S. 213, 244 n.13 (1983)), and "need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000) (quotation omitted). Indeed, "[t]he complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate." *Beauchamp*, 320 F.3d at 743 (listing cases).

In this case, Rzonca identified Billingsley as perpetrator Number One. Billingsley argues that Rzonca's identification of Billingsley as Number One was insufficient because she identified him to Fryer based on his voice but was never provided with a voice array. Billingsley does not include any argument of what, exactly, in Rzonca's statement would lead a reasonable officer to be suspicious. Furthermore, Fryer did undertake additional investigation after interviewing her. Billingsley argues that the additional investigation was not exhaustive enough and that Fryer "failed to avail himself of the opportunity to elicit facts to indicate that the arrest should not have been made." In particular, Billingsley argues that Fryer should have done more checking of Billingsley's alibi and should have spent more time investigating the perpetrators of the August 22 robbery, despite the fact that he was not the detective assigned to that case. Billingsley appears to be arguing for a novel legal standard: that there can be no probable cause for a warrant until every possible lead

has been followed up on; every possible alibi witness has been discovered, tracked down, and interviewed; and every possible alternative theory of the case has been thoroughly tested. That is not the standard for probable cause. Exhaustive investigation is not required: "[a]n officer should pursue reasonable avenues of investigation and may not close his eyes to facts that would clarify the situation, but once an officer has established probable cause, he may end his investigation." *McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009). In this case, Fryer did investigate Billingsley's alibi and spoke about the August 22 robbery with the detective assigned to that case. There is no indication that Fryer ignored any evidence.

In short, Billingsley has not included any argument or information that suggests he can meet his burden of showing that Fryer knowingly or recklessly made any false statements or omissions in his warrant request. In order to overcome the presumption of the warrant's validity, Billingsley's allegations of omitted evidence "must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons" including "[a]ffidavits or sworn or otherwise reliable statements of witnesses" or an explanation of their absence. *Franks*, 438 U.S. 171. Billingsley has not included any such proof or any information indicating doubt as to material facts that call into question the validity of the warrant. Accordingly, his claims of constitutional violations must fail.

Since Plaintiff Billingsley cannot succeed on his claims of constitutional deprivation, Defendant Fryer is entitled to summary judgment on the claims brought against him in his individual capacity. *See Woodruff v. Mason*, 542 F.3d 545, 559 n.17 (7th Cir. 2008) (citing *Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1036 (7th Cir. 2003)). The Court likewise

need not address the parties' arguments about Defendant City of Hammond's liability under 42 U.S.§ 1983.  In order to establish liability under § 1983, "a plaintiff . . . must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of the Cnty Comm'rs v. Brown*, 520 U.S. 397, 404 (1997); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (it is only "when execution of a government's policy or custom . . . inflicts the injury that the government is responsible under § 1983").  Since there is no underlying deprivation, the Court need not reach the *Monell* issues related to the liability of Defendant City of Hammond.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the Hammond Defendants' Motion for Summary Judgment [DE 12].  The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Defendants City of Hammond and Warren Fryer.

The Court hereby **DENIES as moot** the Plaintiff's Unopposed Motion to Continue Trial [DE 20].

SO ORDERED this 4th day of December, 2012.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record